William W. Jeter Ellis County Counselor P.O. Box 128 Hays, Kansas 67601
Dear Mr. Jeter:
You request our opinion regarding the authority of Ellis County to adopt a charter resolution changing the dates upon which notices are mailed for collecting delinquent personal property taxes.
K.S.A. 1996 Supp. 19-101a confers upon counties the power to "transact all county business and perform all powers of local legislation and administration it deems appropriate," subject to the limitations spelled out by that statute. Some of the limitations on county home rule are specific as to the statute that counties are precluded from affecting. While certain property tax statutes are not to be affected by home rule, see K.S.A. 1996 Supp. 19-101a(a)(24), (25), K.S.A. 1996 Supp. 79-2101 is not one of the listed statutes. Some of the limitations on county home rule are more general in nature, prohibiting counties from affecting city home rule powers and certain areas of law, such as election laws and laws prescribing limits of indebtedness. There is no general limitation on counties affecting property tax statutes by home rule if the changes legislated to not impact city home rule ordinances.
Another general limitation on county home rule powers is the proscription that "[c]ounties shall be subject to all acts of the legislature which apply uniformly to all counties." K.S.A. 1996 Supp.19-101a(a)(1). You note that K.S.A. 1996 Supp. 79-2101, the statute that sets forth the dates for mailing notice, does not apply to all counties. It specifically excepts counties covered by K.S.A. 1996 Supp. 79-2017
from its provisions. K.S.A. 1996 Supp. 79-2101 and 79-2017, while not part of the same enactment originally, have been amended simultaneously in subsequent enactments. L. 1977, ch. 109, §§ 39, 40; L. 1979, ch. 312, §§ 4, 5; L. 1980, ch. 308, §§ 5, 6; L. 1984, ch. 147, §§ 20, 21; L. 1985, ch. 319, §§ 1, 2; L. 1990, ch. 349, §§ 1, 2. Further, the two statutes are pari materia to each other. These factors lead to the conclusion that K.S.A. 1996 Supp. 79-2101 is not uniform and thus not subject to the home rule limitation on acts of the legislature which apply uniformly to all counties. See City of Junction City v. Griffin, 227 Kan. 332 (1980);Claflin v. Walsh, 212 Kan. 1, 8 (1973); Missouri Pacific Railroad v.Board of Greeley County Commissioners, 231 Kan. 225, 226 (1982) (case law dealing with city home rule powers is instructive when determining county home rule powers); Home Builders Association of Greater Kansas City v.City of Overland Park, 22 Kan. App. 2d 649, 663-666 (1996).
We are unaware of any other provision or overriding statewide concern that would prohibit counties from enacting a charter ordinance to affect the provisions of K.S.A. 1996 Supp. 79-2101 in the way you have suggested. Thus, we conclude that Ellis County may enact a charter resolution containing deadlines different from those stated in the statute.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm